NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA GAVRILOVA, AKA Marta Istrin, | No.    14-73189 |
| Petitioner, | Agency No. A071-586-409 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2017**
Pasadena, California

Before:  BERZON and WATFORD, Circuit Judges, and PAYNE,*** District Judge.

**1.**  On July 11, 2014, Marta Gavrilova filed a motion to reopen deportation proceedings with the BIA to pursue asylum, withholding of removal, and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

Convention Against Torture (CAT) relief. The BIA denied her motion and Gavrilova petitioned this Court for review. We hold that the BIA did not abuse its discretion and, therefore, deny her petition. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (per curiam).

**2.** Ordinarily, "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). These limitations do not apply, however, if the motion is for the purposes of seeking asylum, withholding of removal, or CAT relief "based on changed circumstances arising in . . . the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *See id.* § 1003.2(c)(3)(ii); *Agonafer v. Sessions*, 859 F.3d 1198, 1203–04 (9th Cir. 2017). "To prevail on a motion to reopen on the basis of changed country conditions," a movant must, *inter alia*, "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Agonafer*, 859 F.3d at 1204 (citation omitted). Under this *prima facie* standard, a movant need show only "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Salim v. Lynch*, 831 F.3d 1133, 1139 (9th Cir. 2016) (citation omitted). "The BIA

2                                                                14-73189

is required to credit evidence supporting [the motion] unless it is 'inherently unbelievable.'" *Id.* at 1140–41 (citation omitted).

Here, Gavrilova has been subject to an order of deportation since 1998 and has filed six motions to reopen.[1] Hence, her motion is time- and number-barred unless she can avail herself of an exception. *See* 8 C.F.R. § 1003.2(c)(3). Gavrilova claims that the changed country conditions exception applies because Ukraine, her country of removal, is embroiled in a civil war between the government and Russian separatists. Gavrilova avers that she is eligible for asylum, withholding of removal, and CAT protection because she speaks only Russian and English and, therefore, will be perceived as pro-Russian and persecuted or tortured if removed to Ukraine.

The BIA rejected this argument, finding that Gavrilova had failed to establish *prima facie* eligibility for these forms of relief from removal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16, 1208.18. This finding is supported by substantial evidence. *See Salim*, 831 F.3d at 1137–38, 1140–41; *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013).

**3.** To be eligible for asylum, Gavrilova "must show that [s]he is unable or unwilling to return to h[er] country of nationality 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership

---

[1] The BIA stated that Gavrilova has submitted five motions to reopen. The parties, however, agree that there have been six.

14-73189

in a particular social group, or political opinion.'" *Madrigal*, 716 F.3d at 503 (quoting 8 U.S.C. § 1101(a)(42)(A)). She must also prove that the persecution stems from "the government or forces that the government is unwilling or unable to control." *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). In short, Gavrilova is required to demonstrate that, because of changed country conditions, she can now make a *prima facie* showing of: (1) government persecution in Ukraine; (2) that has a nexus to a protected ground. Her claim falters at the first step.

To satisfy the "persecution" element, an applicant who, like Gavrilova, does not allege past persecution must exhibit a well-founded fear of future persecution. *Al-Harbi v. INS*, 242 F.3d 882, 888–90 (9th Cir. 2001). This fear needs to be not only "subjectively genuine" but also "objectively reasonable," although a mere ten percent chance of persecution will suffice. *Sael v. Ashcroft*, 386 F.3d 922, 924–25 (9th Cir. 2004). To establish objectively reasonable fear, an applicant must show "that there is a 'reasonable possibility' that [s]he will be 'singled out individually for persecution' if removed" or "that there is a systematic 'pattern or practice' of persecution against the group to which [s]he belongs." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

To show that changed country conditions have created a "reasonable likelihood" that she would be persecuted if removed to Ukraine, *see Salim*, 831

F.3d at 1139–40, Gavrilova offered her declaration and a collection of newspaper and magazine articles. Gavrilova's declaration reveals that she wishes to avoid the "generalized lawlessness and violence between diverse populations" attending the Ukrainian conflict, which is not persecution. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998). The only statements in her declaration denoting more than fear of the conflict itself, moreover, merely indicate that the government perceives Russian speakers to be separatists, treats them as terrorists, and is conducting an anti-terrorism operation. But these vague allegations in no way describe *what* mistreatment Gavrilova fears, let alone evince an individual risk or systematic pattern or practice of abuse amounting to *persecution*. *See Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009) ("[O]ur caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." (citation omitted)).[2] The articles presented by Gavrilova do not show that, because of changed country conditions, the government would now likely attempt to inflict suffering upon a person for speaking Russian or even for harboring pro-Russia or pro-separation sentiments, absent involvement in combatant activities or, perhaps, protests. In sum, Gavrilova's fear of persecution, however sincere, is not objectively reasonable, and she has not made out a *prima facie* case that she is eligible for asylum. The BIA thus appropriately rejected her

---

[2] Other allegations that appear in Gavrilova's brief are conclusory, are unsupported by the record, or mischaracterize the record evidence.

motion to reopen to pursue her asylum claim.

Because Gavrilova has not shown any objectively reasonable fear of persecution based on changed country conditions, we need not address whether she has demonstrated a nexus between the persecution that she apprehends and a protected ground.

**4.** Gavrilova is likewise not *prima facie* eligible for withholding of removal. Withholding is governed by a standard almost identical to that of asylum. The only difference relevant here is that it is more challenging to satisfy the persecution prong of the withholding analysis. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Unlike asylum, withholding requires an applicant to demonstrate a "clear probability" of persecution, *i.e.*, that persecution is "more likely than not." *Id.* (citations omitted). Gavrilova has not made that showing, and the BIA therefore correctly found that she was not entitled to reopen to pursue withholding relief. *See Singh*, 134 F.3d at 967, 971.

**5.** The BIA also properly rejected Gavrilova's motion to reopen to pursue her CAT claim. To be eligible for CAT relief, an "applicant must show both a greater than 50 percent likelihood that [s]he will be tortured, and that a public official would . . . acquiesce in that torture." *Madrigal*, 716 F.3d at 508 (citations omitted). Gavrilova has not made a *prima facie* showing of a likelihood of torture sufficient to support a CAT protection claim. *See Nuru v. Gonzales*, 404 F.3d

6                                                                    14-73189

1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim."). Furthermore, she offered no evidence that government officials would acquiesce in her torture. Lastly, as with her other claims, Gavrilova's CAT claim is largely based on fear of generalized violence, which the BIA correctly held does not justify relief. *See Delgado-Ortiz*, 600 F.3d at 1152.

**6.** Gavrilova additionally asked the BIA to reopen to allow her to pursue adjustment of status on the ground that she is married to a U.S. citizen and has obtained approval of an I-130 petition. She appears to argue that the BIA failed to provide sufficient reasoning for rejecting her request. Gavrilova's adjustment eligibility argument, however, in no way describes the governing legal standards or explains how they apply to this case. Her insufficient reasoning argument, likewise, is conclusory and details no specific deficiencies in the BIA's opinion. These contentions are therefore waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).[3]

After this matter was submitted for consideration, Gavrilova notified the Court that she has been approved for an IW6 visa and, accordingly, intends to request that the government stipulate to reopening and remand. In light of this

---

[3]     Gavrilova seems also to be asserting that the asylum, withholding of removal, and CAT relief aspects of the BIA's opinion were inadequately reasoned. If so, those arguments are similarly conclusory and thus waived.

development, the parties should be aware that this opinion is limited to Gavrilova's sixth motion to reopen and that nothing herein prevents her from again requesting reopening to the extent permitted by law.

**PETITION DENIED.**

14-73189